IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.

Criminal Action Number 3:08CR026

JOHANNA BOONE,

Defendant.

# MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2).[1] The Court has reviewed the motion and response, and this matter is ripe. The Court finds that the decision-making process would not be aided by oral argument.

The defendant seeks a sentence reduction in light of the U.S. Sentencing Commission's elimination of what are generally referred to as "recency" points from the calculation of a defendant's criminal history category. Because the applicable amendment was not made retroactive, the Court has no authority to reduce her sentence.

On May 14, 2010, the U.S. Sentencing Commission sent to Congress notice of several new amendments to the United States Sentencing Guidelines slated to take effect on November 1, 2010. 75 Fed. Reg. 27388-01. One of the new amendments eliminated a guideline provision that had been in place since the United States Sentencing Guidelines' inception – U.S.S.G. § 4A1.1(e). Section 4A1.1(e) added to a defendant's criminal history points what are generally referred to as "recency" points. Either one or two points were added to a defendant's criminal history under § 4A1.1(e) when

---

[1] The defendant refers to 18 U.S.C. § 3582(b) but the correct section is § 3582(c)(2).

the defendant committed the current offense within two years of being released from a term of imprisonment of at least sixty days. This amendment is now formally designated as Amendment 742, although it was sometimes referred to as "Amendment 5" because it was listed fifth in the notice sent on May 14, 2010, to Congress in 75 Fed. Reg. 27388-01. Amendment 742 does leave in place § 4A1.1(d), which adds criminal history points when a defendant was under supervision while committing the current offense. Section 4A1.1(d) provides, "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

Although Amendment 742 took effect on November 1, 2010, the Commission did not make the amendment retroactive. Pursuant to both Section 3553(a)(4) and the guidelines, district courts must use the guidelines in effect on the date of sentencing. 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11. Defendants who have already been sentenced are not entitled to relief under a new guideline amendment unless the Sentencing Commission expressly lists the new amendment in U.S.S.G. § 1B1.10(c). As the Fourth Circuit has explained, "A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10(c)." *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir.), *cert. denied*, 129 S. Ct. 2401 (2009). *See also United States v. Goodwyn*, 596 F.3d 233 (4th Cir.) (explaining limits on altering final sentences), *cert. denied*, 130 S. Ct. 3530 (2010). The Supreme Court recently agreed. "No one disputes that the Commission's retroactivity determinations . . . are binding." *Dillon v. United States*, 130 S. Ct. 2683, 2693 (2010).

With regard to Amendment 742, the Commission studied and considered whether to make Amendment 742 retroactive, but it ultimately decided against retroactivity for Amendment 742. Since Amendment 742 is not "expressly listed in U.S.S.G. § 1B1.10(c)," the Court has no authority to

apply the amendment and reduce the defendant's sentence.[2]  The defendant's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) will be denied.

       An appropriate Order shall issue.


November 23, 2010                                                  /s/
DATE                                                          RICHARD L. WILLIAMS
                                                                  SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has no authority to apply the amendment and reduce the defendant's sentence, the Court has not examined the Presentence Investigation Report (PSR) to determine if the amendment would have affected the guidelines calculations in the defendant's case if Amendment 742 had in fact been made retroactive.  Further, the authorization of a discretionary reduction "does not *entitle* a defendant to a reduced term of imprisonment as a matter of right." *See* U.S.S.G. § 1B1.10, Commentary (emphasis added).  Given the defendant's criminal history, the Court finds that even if it had authority to reduce the defendant's sentence, it would not do so.